**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

ELPIDIO BELTRAN-AVELOS,

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.

**No. 08-CV-4054-DEO**

**MEMORANDUM OPINION AND ORDER**

## I.  INTRODUCTION

This matter is before the Court on Petitioner Elpidio Beltran-Avelos' pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Docket No. 1.

On November 10, 2005, Elpidio Beltran-Avelos pleaded guilty to counts 1-3 of the Indictment in case number 05-CR-4061-DEO. See Docket No. 26. Count 1 charged Beltran-Avelos with conspiracy to distribute 500 grams or more of a methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Count 2 charged Beltran-Avelos with possession with intent to distribute 50 grams or more of a methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count 3 charged Beltran-Avelos as an alien who was previously deported and knowingly and unlawfully

reentered the United States. Count 3 also provided notice that Beltran-Avelos was previously convicted of a felony. The Court held sentencing on May 26, 2006, and sentenced Beltran-Avelos to the statutory minimum sentence of 240 months.

Beltran-Avelos appealed the Court's judgment based on the following arguments: (1) his guilty plea was not knowing and voluntary because his co-conspirators were not named in the indictment; (2) his plea was not knowing and voluntary because of deficiencies in his counsel's performance; (3) he did not know the drug-quantity calculation could be based in part on statements by his co-conspirators; and (4) 21 U.S.C. § 851 is unconstitutional because the indictment must allege the elements of a prior conviction used to enhance a defendant's sentence.

The United States Court of Appeals for the Eighth Circuit subsequently affirmed this Court's judgment and the United States Supreme Court denied Beltran-Avelos' petition for writ of certiorari. See United States v. Beltran-Avelos, 252 Fed. Appx. 767 (8th Cir. 2007); Beltran-Avelos v. United States, 552 U.S. 1218 (2008). The Eighth Circuit concluded this Court's sentence was not unreasonable because it was based on

2

the statutory minimum sentence. Beltran-Avelos, 252 Fed. Appx. at 768. The Eighth Circuit further concluded that Beltran-Avelos could not challenge the knowing and voluntary nature of his guilty plea for the first time on appeal. Id. (citing United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990)). The Eighth Circuit concluded that by pleading guilty, Beltran-Avelos waived his argument that the indictment needed to name his co-conspirators. Beltran-Avelos, 252 Fed. Appx. at 768 (citing United States v. Staples, 435 F.3d 860, 864 (8th Cir. 2006) (holding a valid guilty plea waives non-jurisdictional defects or errors)). As to Beltran-Avelos' complaints about his trial counsel, the Eighth Circuit concluded that he must raise them via a proceeding pursuant to 28 U.S.C. § 2255. And finally, the Eighth Circuit concluded that the indictment did not need to allege the elements of the prior sentence-enhancing drug conviction because it did not need to be charged in the indictment. Beltran-Avelos, 252 Fed. Appx. at 768-69 (citing Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 247 (1998)).

In Beltran-Avelos' pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, Beltran-

Avelos alleges that his guilty plea was "unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the charge and the consequences of the plea." Docket No. 1, at 7. He argues that he received ineffective assistance of trial counsel because counsel did not sufficiently investigate the facts of the case to allow Beltran-Avelos to make a knowing and voluntary plea. In habeas counsel's brief filed pursuant to Anders v. California, 386 U.S. 738 (1967), counsel summarizes Beltran-Avelos' claim as follows:

> [Beltran-Avelos'] first trial counsel, Russell M. Aboud, was ineffective for failing to make a Motion for a Bill of Particulars, which would have informed [Beltran-Avelos] of who the known co-conspirators were and the extent of the government's evidence against him. This failure results in [Beltran-Avelos'] plea being unknowing and involuntary.

Docket No. 6, at 2-3. Beltran-Avelos also argues that the Court never accepted his guilty plea as to Count 2 of the Indictment; thus, Beltran-Avelos argues that his plea was not valid.

## II. LAW AND ANALYSIS

The subject matter grounds for relief under 28 U.S.C. § 2255 are:

(1) that the sentence was imposed in violation of the Constitution or laws of the United States;

(2) that the court was without jurisdiction to impose such sentence;

(3) that the sentence was in excess of the maximum authorized by law; and

(4) that the sentence is otherwise subject to collateral attack.

Jackson v. United States, 495 F.2d 349, 351 (8th Cir. 1974), (quoting Hill v. United States, 368 U.S. 424, 426-27 (1962)).

The Sixth Amendment guarantees the right of the accused in criminal prosecutions to "the Assistance of Counsel for his defense." U.S. Const. amend. VI. "[T]he right to counsel is the right to effective assistance of counsel." Kimmelman v. Morrison, 477 U.S. 365, 377 (1986). Effective assistance is representation that "play[s] the role necessary to ensure that the trial is fair." Strickland v. Washington, 466 U.S. 668, 685 (1984). To show a constitutional violation of the right to counsel, a convicted defendant must show first that counsel's performance was deficient, and second, that counsel's errors prejudiced the defense. Strickland, 466 U.S. at 687. Thus, Strickland requires a showing of both deficient performance and prejudice. Id. However, a court "need not

address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." Boysiewick v. Schriro, 179 F.3d 616, 620 (8th Cir. 1999).

The applicable test for deficiency of performance is an objective standard of reasonableness. Strickland, 466 U.S. at 688. In Strickland, the Court stated we must assess reasonableness on all the facts of the particular case, we must view the facts as they existed at the time of counsel's conduct, and we must evaluate counsel's performance with a view to whether counsel functioned to assure adversarial testing of the state's case. Id. at 690. A court considering a defendant's attack on his conviction must be "highly deferential" in assessing whether counsel's course of conduct could be considered a sound trial strategy rather than an error and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." Id. at 689. In other words, the burden of proof is on the petitioner to show that "his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman, 477 U.S. at 384. "The question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." Strickland, 466 U.S. at 695.

To prove ineffective assistance of counsel within the context of a defendant's guilty plea, the prejudice prong requires the petitioner to show that "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" United States v. Matthews, 114 F.3d 112, 114 (8th Cir. 1993) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

At the hearing on Beltran-Avelos' § 2255 petition, Beltran-Avelos testified that his trial/plea counsel, Russell Aboud, informed Beltran-Avelos that he faced a possible life sentence if Beltran-Avelos did not plead guilty. Beltran-Avelos also testified that Aboud did not explain to him anything about the evidence or sentencing guidelines, and

never asked the Government for any evidence relating to Beltran-Avelos' co-conspirators in the case. Beltran-Avelos testified that he pleaded guilty because of the threat of facing a life sentence.

On cross examination, Beltran-Avelos acknowledged that, at his plea hearing, he testified under oath that he was fully satisfied with his attorney's representation and advice. Beltran-Avelos testified that he made his decision to plead guilty after he had consultations with his attorney.

Beltran-Avelos testified that, at the plea hearing, he understood that he faced a mandatory minimum sentence of 240 months and that the Court had an extensive discussion with the parties about his potential sentence. He admitted that he knew he was going to get a mandatory minimum sentence of 240 months, and that he in fact received such a sentence. Beltran-Avelos acknowledged that his attorney reviewed the discovery file and talked with him about the contents of the discovery file. He also acknowledged that, on the day of his

arrest, he showed up to sell two pounds of methamphetamine to a confidential informant.

Beltran-Avelos further acknowledged that the Government offered him a plea agreement. He stated, however, that he did not want to cooperate with the Government because he did not want certain individuals to be in trouble.

Beltran-Avelos' trial/plea counsel, Russell Aboud, also testified at the hearing. Aboud testified that he visited Beltran-Avelos in prison on at least four different occasions and spoke with him on the telephone on several occasions. He testified that he personally reviewed the discovery file on two occasions, and that he discussed the contents of the discovery file with Beltran-Avelos. Aboud testified that he knew the sentencing guideline range was the statutory minimum 240 months. He testified that he informed Beltran-Avelos that he was facing a minimum sentence of twenty years. If Beltran-Avelos went to trial, Aboud estimated that Beltran-Avelos might have faced a sentence of at least thirty years based on the facts and evidence in the Government's possession. Aboud testified that he also informed Beltran-Avelos that a life sentence was possible.

After reviewing the discovery file, Aboud testified that he talked with Beltran-Avelos between five and seven times in person or over the telephone. He also acknowledged that the discovery file contained information supporting a much higher drug quantity than that for which the presentence investigation report held Beltran-Avelos accountable. He further testified that the relevant conduct was "off the charts." He testified that the discovery file included a number of people involved in the conspiracy, and that he "most definitely" discussed this information with Beltran-Avelos.

Moreover, Aboud testified that, based on his thirty-plus years of experience as a criminal defense attorney, Beltran-Avelos had no chance of succeeding at trial due to the fact that he was caught selling two pounds of methamphetamine to a confidential informant on the day of his arrest. Aboud testified that he approached Beltran-Avelos on more than one occasion about the Government's offer of a plea agreement, but that Beltran-Avelos did not want to cooperate with the Government.

Regarding Beltran-Avelos' claim that he received ineffective assistance of counsel because of Aboud's failure

to file a bill of particulars, Aboud testified that the discovery file was voluminous, that the co-conspirators were well known to Beltran-Avelos, and that after reading the discovery file, he saw no reason to file a bill of particulars.

Under <u>Strickland</u>, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." <u>Strickland</u>, 466 U.S. at 691. In this case, the Court is persuaded Mr. Aboud thoroughly investigated the discovery file and strategic defenses that could benefit Beltran-Avelos. As mentioned, Aboud testified that he spoke with Beltran-Avelos at least five to seven times regarding the case. He testified the relevant conduct in the discovery file was "off the charts" and that the drug quantity in the presentence investigation report was much less than revealed in the discovery file.

Had Beltran-Avelos gone to trial and been convicted, he would not have received a reduction of three levels for acceptance of responsibility, his drug quantity calculation would have been substantially higher, and his guideline calculation would have been greater than 240 months. Beltran-

Avelos feasibly could have faced a prison sentence of thirty years or more had he gone to trial and been convicted. And, as Aboud testified, because Beltran-Avelos was arrested delivering two pounds of methamphetamine to a confidential informant, Beltran-Avelos had little to no chance of succeeding at trial. The Court therefore concludes that Beltran-Avelos had all the information necessary to make a knowing and voluntary decision to plead guilty, and Aboud satisfactorily reviewed the discovery file and counseled Beltran-Avelos as to his options. As to Beltran-Avelos' claim that Aboud should have filed a bill of particulars, Aboud's explanation for not doing so was entirely reasonable.

After considering the evidence and testimony in this case, the Court is persuaded that Aboud's counsel and representation to Beltran-Avelos was sound and that Aboud's investigation of the case was thorough and reasonable. Beltran-Avelos has not persuaded the Court that Aboud provided ineffective assistance and that, but for Aboud's advice and counsel, he would not have pleaded guilty. The Court concludes Beltran-Avelos has not met his burden of proving that Aboud was ineffective.

Beltran-Avelos' § 2255 petition further alleges the following: "[b]ecause the Court never accepted the defendant['s] plea on count two and because the Court failed to ensure that the defendant understood the charge in count two invalidated the defendant['s] plea." Docket No. 1, at 10.

Since Beltran-Avelos entered his guilty plea on November 10, 2005, neither party has objected to or brought this issue to the Court's attention until now. The Court was surprised when it reviewed the transcript of the plea hearing to find that Beltran-Avelos' contention was in fact true. On page 34, line 13 of the transcript, the Court accepted Beltran-Avelos' plea as to Count 1. Then, as to Count 2, the Court stated the following:

> It's the finding of the Court in the case of United States versus Beltran that the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of that plea as to the plea of guilty as to count two, was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

Case No. 05-CR-4061-DEO, Docket No. 64, Transcript p. 34, lines 15-23. The Court then continued to Count 3 without

13

formally accepting Beltran-Avelos' plea as to Count 2.  The Court stated the following:

> It's the finding of the Court in the case of United States versus Beltran that the defendant is fully competent and capable of entering an informed plea, that the defendant's aware of the nature of the charges against him as to count three and that the plea of guilty as to count three is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.  The plea is therefore accepted and the defendant is now adjudged guilty of that offense.

Case No. 05-CR-4061-DEO, Docket No. 64, Transcript pp. 34-35, lines 24-25, 1-9.

A reading of the above transcript clearly reveals that, at the hearing, the Court accepted Beltran-Avelos' plea as to Count 3, but never accepted the plea as to Count 2.[1]  As mentioned above, in all of the pleadings filed since and in Beltran-Avelos' appeal to the Eighth Circuit, which affirmed this Court's sentence, no party ever objected to or even mentioned this error.

The Court brought this matter to the attention of the

---

[1] The Court also accepted Beltran-Avelos' plea as to Count 1.  See Case No. 05-CR-4061-DEO, Docket No. 64, Transcript p. 34, lines 4-14.

parties at the October 25, 2010, hearing on Beltran-Avelos'
§ 2255 petition.  Beltran-Avelos' § 2255 counsel, trial/plea
counsel (Aboud), appellate counsel, and the Government's
counsel all were given an opportunity to speak at length as to
this issue.  Section 2255 counsel requested that the Court
return Beltran-Avelos' criminal case to a pre-plea stage of
the case to permit him to enter a plea as to Count 2.  Section
2255 counsel stated that he would attempt to enter into a plea
agreement with the Government, which might ultimately reduce
Beltran-Avelos' sentence.  The Government stated that it was
not interested in any plea agreement because Beltran-Avelos
flatly rejected any possibility of a plea agreement prior to
the entry of his initial guilty plea.  Of course, there can be
no plea agreement if the Government is not so inclined.

This Court recognizes that it made a mistake.  The
question remains, how should this mistake be rectified, if at
all?  The Government contends that the failure to accept the
plea as to Count 2 is meaningless because the Court sentenced
Beltran-Avelos to 240 months on count 1 and 240 months on
count 3.  The Court formally accepted Beltran-Avelos' guilty
pleas as to both Counts 1 and 3 at the plea hearing.  The

Government further argues that Beltran-Avelos is procedurally barred from making this argument because he never objected at the criminal stage and never raised the matter on appeal. Appellate counsel and section 2255 counsel presented no acceptable procedure that this Court might follow except for allowing the option of a plea agreement, as mentioned above. But, as the Government stated, this option is no longer possible.

While the Court did not formally accept Beltran-Avelos' guilty plea as to count 2 at the plea hearing, the Court nevertheless proceeded through each step mandated by Federal Rule of Criminal Procedure 11(b) as to each count of the indictment. Beltran-Avelos further testified under oath that, as to Count 2, he was pleading guilty to "possession with intent to distribute 50 grams of methamphetamine . . . on April 26, 2005, . . . in Sioux City, Iowa." The Court asked, "and as to count two, you had the intent to distribute the 50 grams or more of methamphetamine; is that right?" Beltran-Avelos testified, "yes, Your Honor." Case No. 05-CR-4061-DEO, Docket No. 64, Transcript p. 28, lines 8-18. This procedure ensured that Beltran-Avelos entered a knowing and voluntary

plea and in fact admitted the conduct to which he was charged for each of Counts 1-3. Beltran-Avelos subsequently pleaded guilty to each count. While the Court did not formally accept on the record Beltran-Avelos' plea as to Count 2, the Court adjudicated Beltran-Avelos guilty as to each count per the Court's May 31, 2006, judgment. Case No. 05-CR-4061-DEO, Docket No. 44.

Moreover, Count 1 does not depend on Count 2, and vice versa. Count 1 was a conspiracy count and did not require the possession of any drugs. Even if the Court disregarded the government's factual basis in Count 2 (as to the April 26, 2005, controlled buy), the relevant conduct and drug quantities as outlined in paragraphs 13 and 14 of the presentence investigation report provided sufficient evidence to support both Beltran-Avelos' conviction and drug quantity calculation as to Count 1, which placed his sentencing range at the 240-month statutory minimum. Thus, even if the Court dismissed Count 2, Beltran-Avelos' sentence would not have changed.

For the reasons set out herein, this Court is not persuaded that Beltran-Avelos' criminal case should be

returned to this Court for further proceedings.  The bottom
line is that the Court ultimately adjudicated Beltran-Avelos
guilty as to Counts 1-3 and sentenced Beltran-Avelos to 240
months.  Even if Beltran-Avelos' guilty plea as to Count 2 was
rendered void by the Court's error at the plea hearing, his
overall 240-month sentence would not change.

**Certificate of Appealability**

Ordinarily, under 28 U.S.C. § 2253(c)(2), the district
court may issue a certificate of appealability, which will
allow a petitioner to appeal the denial of his § 2255
petition.  The district court should only issue a certificate
of appealability if "'the applicant has made a substantial
showing of the denial of a constitutional right.'"  Slack v.
McDaniel, 529 U.S. 473, 483 (2000) (citing 28 U.S.C. §
2253(c)); see also Miller-El v. Cockrell, 537 U.S. 322, 336
(2003).  In Slack, the Supreme Court defined "substantial
showing" as follows:

> To obtain a [certificate of appealability]
> under § 2253(c), a habeas prisoner must
> make a substantial showing of the denial of
> a constitutional right, a demonstration
> that . . . includes showing that reasonable
> jurists could debate whether (or, for that
> matter, agree that) the petition should
> have been resolved in a different manner or

18

> that the issues presented were "'adequate
> to deserve encouragement to proceed
> further.'" Barefoot, 463 U.S., at 893, and
> n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090
> (sum[ming] up the "substantial showing"
> standard).

Slack, 529 U.S. at 483-84; see also Miller-El, 537 U.S. at 336; Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000). Additionally, where a court rejects a federal habeas petition on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

While this Court is always of the opinion that its orders should be reviewable, the Court is not persuaded that reasonable jurists could debate whether Beltran-Avelos' § 2255 petition should have been resolved differently. Beltran-Avelos has provided no evidence supporting a claim that his plea counsel, Russell Aboud, was ineffective. Additionally, Beltran-Avelos was not prejudiced by the Court's failure to formally accept his plea as to Count 2 because his sentence as to Counts 1 and 3 would have remained at 240 months and

19

because the Court formally adjudicated Beltran-Avelos guilty of all three counts in its May 31, 2006, judgment. Finally, Beltran-Avelos did not object to or raise the issue on direct review in his criminal case, so this issue is procedurally barred.

Even though this Court will not issue a certificate of appealability, this Court informs Beltran-Avelos that he may request issuance of a certificate of appealability by a circuit judge of the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit will then separately determine whether to issue Beltran-Avelos a certificate of appealability.

III.    **CONCLUSION**

For the reasons stated herein, this Court finds no permissible reason pursuant to 28 U.S.C. § 2255 to correct, vacate, or set aside Beltran-Avelos' conviction or sentence in this case.

**IT IS THEREFORE HEREBY ORDERED** as follows:

**(1)** Beltran-Avelos' pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1), is **denied**.

**(2)** Beltran-Avelos' motion to withdraw as attorney (by and through his counsel, Zoshua Zeutenhorst) (Docket No. 7), is **denied as moot**.

**IT IS SO ORDERED** this 1st day of February, 2011.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa